**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT JONES,**

                **Plaintiff,**　　　　　　　　**9:11-cv-774
                                      　　　　　　　　(GLS/CFH)**

        v.

**BRIAN FISCHER et al.,**

                **Defendants.**
_____
**APPEARANCES:**　　　　　　　　　　　　　**OF COUNSEL:**

**FOR THE PLAINTIFF:**
Robert Jones
Pro Se
3491201713
George Matchan Detention Center
15-15 Hazen Street
East Elmhurst, NY 11370

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN　　　RICHARD LOMBARDO
New York State Attorney General　　Assistant Attorney General
The Capitol
Albany, NY 12224

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff *pro se* Robert Jones commenced this action against

defendants Brian Fisher, Kenneth S. Perlman, Mr. Phillips, Joseph Smith, William R. Steinhaus, Osbourne McKay, and various John and Jane Does pursuant to 42 U.S.C. § 1983, the Americans withe Disabilities Act (ADA),[1] the Rehabilitation Act,[2] New York State Department of Corrections and Community Services (DOCCS) Directive 2614, and the Religious Land Use and Institutionalized Persons Act.[3] (*See* Am. Compl. ¶ 12, Dkt. No. 7.) Jones' six enumerated claims pertain to: discrimination under the ADA, Rehabilitation Act, and DOCCS Directive 2614; the conditions of his confinement; wrongful segregation; deliberate indifference to serious medical needs; interference with the right of free exercise of religion; and retaliation. (*See id.* ¶¶ 45-71.) He expressly seeks a declaration that defendants violated his civil rights, and compensatory and punitive damages; implicit in his Amended Complaint is his pursuit of injunctive relief requiring reasonable accommodations for his alleged disability at a DOCCS facility. (*See id.* ¶ 30, at 11-12.) After Steinhaus was dismissed as a party by the court *sua sponte*, (*see* Dkt. No. 8), the remaining

---

[1] 42 U.S.C. §§ 12101-12300.

[2] 29 U.S.C. §§ 701-796*l*.

[3] 42 U.S.C. §§ 2000cc-1 to 2000cc-5.

2

defendants interposed an answer, and, eventually, moved for summary judgment, (*see* Dkt. Nos. 27, 53.) Jones subsequently requested an extension of time to file his response, which motion was granted by text only order dated January 24, 2013; however, he failed to timely file a response. (*See* Dkt. No. 56.) In a Report-Recommendation and Order (R&R) dated March 21, 2013, Magistrate Judge Christian F. Hummel recommended that defendants' motion be granted and Jones' Amended Complaint be dismissed. (*See* Dkt. No. 57.) For the reasons that follow, the R&R is adopted in its entirety.

## II. **Background**

Jones is an inmate in the custody of DOCCS. (*See* Defs.' Statement of Material Facts (SMF) § 3, Dkt. No. 53, Attach. 6.) On February 24, 2011, Jones alleges that he was transferred from Marcy Correctional to Wallkill Correctional for the purpose of receiving vocational training in the "Corcraft DSS/D[O]CCS Eyeglass Project Optical Lens Laboratories," and for housing. (Am. Compl. ¶ 26; *see* Defs.' SMF ¶ 6.) Jones further claims that, upon intake at Wallkill, DOCCS officials noted that he needed the assistance of crutches to ambulate, which rendered him ineligible for housing given certain architectural limitations at that facility. (*See* Defs.'

3

SMF ¶ 7; Am. Compl. ¶¶ 27-31.) Because of his "disability," Jones "was immediately transferred to Shawangunk" Correctional. (Am. Compl. ¶ 32; *see* Defs.' SMF ¶ 7.)

Once at Shawangunk, Jones claims that he was quarantined in the infirmary from February 21, 2011 to April 2011, and that while therein, he was not provided adequate heating or clean water, which rendered the conditions of his confinement "unfit for human habitation." (Am. Compl. ¶¶ 34-35; *see* Defs.' SMF § 8.) In early April 2011,[4] Jones alleges that he was transferred back to Marcy in retaliation for filing a grievance "demanding a [r]easonable [a]ccomodation or to be transferred to a suitable handicapped accessible facility within five working days." (Am. Compl. ¶¶ 41-42.) Jones commenced this action in July 2011. (*See* Dkt. No. 1.) Soon thereafter, he filed the operative Amended Complaint. (*See* Am. Compl.)

### III. <u>Standard of Review</u>

---

[4] The court appreciates that Jones' Amended Complaint states that his transfer back to Marcy occurred "in early April 2001"; it is clear, given Jones' other allegations, that he intended to specify 2011, as opposed to 2001, as the year in which the transfer to Marcy occurred. (Am. Compl. ¶ 42.)

4

Before entering final judgment, this court routinely reviews all report and recommendation orders in cases it has referred to a magistrate judge. If a party has objected to specific elements of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *6–7 (N.D.N.Y. Jan. 18, 2006). In those cases where no party has filed an objection, or only a vague or general objection has been filed, this court reviews the findings and recommendations of the magistrate judge for clear error.[5] *See id.*

## IV. Discussion

As a threshold matter, the court must determine what to make of the document filed by Jones titled "Plaintiff[']s Objection to Report & Recommendation" (hereinafter "the objections"), and his late-filed response to defendants' summary judgment motion. (*See* Dkt. Nos. 58, 59.) In the objections, Jones takes issue with the R&R because, according to him, his claims were "dismissed [f]or failure to respond" by February 5, 2013. (Dkt.

---

[5] "[A] report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Almonte*, 2006 WL 149049, at *6.

5

No. 58 ¶ 4.) Jones claims that he placed three copies of his response in a mailbox at the facility in which he is housed on February 5, 2013, and that, because of his indigence and "an unwritten [prison] rule," his mail was delayed. (*Id.* at 1-2.)[6] The objections also include a separate letter, the subject of which is "Mail Box Rule," that reiterates Jones' contentions and provides legal argument about the prisoner mailbox rule. (*See* Dkt. No. 58, Attach. 1.)

The objections offer no other critique of the R&R, and can be summarily rejected because Jones' only relevant attack on the R&R—that his failure to respond was the basis for dismissing his Amended Complaint, (*see* Dkt. No. 58 ¶ 4)—is entirely mistaken. Indeed, the R&R acknowledged that Jones failed to timely respond despite requesting and receiving an extension of time, but, nonetheless, explained that "[e]ven in the absence of a response, defendants [would be] entitled to judgment only

---

[6] Jones attempts to allege several new claims related to the supposed delay of his mail in the objections. (*See* Dkt. No. 58 ¶¶ 7-9.) Because the discovery deadlines have expired and Jones' new allegations have nothing whatsoever to do with claims that were asserted in the Amended Complaint, the court disregards Jones' references to any new claims. *See Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 219-20 (N.D.N.Y. 2008); *see also Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998).

if the material facts demonstrate[d] their entitlement to judgment as a matter of law." (Dkt. No. 57 at 3.)

Jones' response to defendants' summary judgment motion is a more complicated matter. The cover letter to that submission, which is dated January 5, 2013, is the same letter regarding the prisoner mailbox rule that was filed as part of the objections. (*Compare* Dkt. No. 59, *with* Dkt. No. 58, Attach. 1.) The affidavit of service included with Jones' memorandum of law in response to defendants' summary judgment motion, indicates that, on February 5, 2013, Jones placed three copies of his response papers in a mailbox at the facility where he is housed. (*See* Dkt. No. 59, Attach. 1 at 26.) While the court has some doubts about the authenticity of the affidavit of service,[7] in an abundance of caution, it will treat Jones' response as properly filed objections to the R&R.[8] In light thereof, given the content of

---

[7] The affidavits of service accompanying Jones' memorandum of law, (*see* Dkt. No. 59, Attach. 1 at 26), affidavit, (*see* Dkt. No. 59, Attach. 2 at 4), and response to defendants' Statement of Material Facts, (*see* Dkt. No. 59, Attach. 3 at 6), are clearly photocopies of the same document, with the sole difference between them being that the affidavit of service to the memorandum of law indicates that "3 copies [of] Plaintiffs [(sic)] Opposition" were mailed.

[8] Notably, in his response, Jones attempts to further augment his Amended Complaint by adding claims under the First Amendment, and Equal Protection and Due Process Clauses. (*See* Dkt. No. 59, Attach. 1

the response, the court conducts a *de novo* review of the issues. *See Almonte*, 2006 WL 149049, at *6.

After careful consideration of the arguments advanced by Jones in his response to defendants' summary judgment motion, Judge Hummel's conclusion that dismissal is appropriate is correct largely for the reasons stated in the R&R. In addition to the analysis provided therein, two additional points ought be made.

First, as to whether or not Jones can obtain declaratory relief given the prospect that his transfer out of the facilities about which he complains would moot his claim for such relief, "'[t]he Eleventh Amendment and the principles governing the issuance of declaratory judgments prohibit the award of a declaration that state officials' prior conduct violated federal law.'" *La Scalia v. Driscoll*, No. 10-CV-5007, 2012 WL 1041456, at *8 (E.D.N.Y. Mar. 26, 2012) (quoting *Rothenberg v. Stone*, 234 F. Supp. 2d 217, 221 (E.D.N.Y. 2002)); *see Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000). Thus, dismissal of that aspect of his Amended Complaint is

---

¶¶ 34-35, 59.) Because those new allegations are made in response to a summary judgment motion, as opposed to a motion to dismiss, and after discovery has concluded, they do not effectively amend the Amended Complaint, are rejected, and not considered. *See Onondaga Cnty.*, 549 F. Supp. 2d at 220.

undoubtedly warranted. Second, the R&R did not specifically address Jones' allegation of discrimination based upon DOCCS Directive 2614. (*See* Am. Compl. ¶¶ 45-51.) That claim, however, must be dismissed because "[v]iolations of state law do not give rise to claims under 42 U.S.C. § 1983[, and, m]ore specifically, a violation of a DOCCS directive does not state a claim for a constitutional violation under § 1983." *Tuitt v. Chase*, No. 9:11-CV-0776, 2013 WL 877439, at *10 (N.D.N.Y. Jan. 30, 2013).

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Magistrate Judge Christian F. Hummel's Report-Recommendation and Order (Dkt. No. 57) is **ADOPTED** in its entirety; and it is further

**ORDERED** that defendants' motion for summary judgment (Dkt. No. 53) is **GRANTED**; and it is further

**ORDERED** that Jones' Amended Complaint (Dkt. No. 7) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

August 7, 2013
Albany, New York